UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>D. LOPEZ,<br><br>  Defendant. | Case No. 1:20-cv-00194-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>21-DAY DEADLINE |

Melvin Ray Brummett, Jr., initiated this action on February 6, 2020. (Doc. 1.) Plaintiff alleges that Correctional Lieutenant D. Lopez has subjected him to retaliation for filing inmate grievances. (*Id.*) Plaintiff states that he filed a staff complaint against Defendant on January 19, 2020, and that he plans to file "another retaliation claim when the [s]taff [c]omplaint is exhausted." (*Id.* at 9.)

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under … any other Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal

court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Based on his statements about his staff complaint against Defendant, it appears that Plaintiff may not have exhausted his administrative remedies with respect to the claims underlying this action prior to filing suit. Although Plaintiff raises serious allegations that, if proven, would entitle him to relief, exhaustion is mandatory under the PLRA and "unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211 (citation omitted).

Accordingly, the Court ORDERS Plaintiff, **within 21 days,** to show cause in writing why this action should not be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit. Alternatively, Plaintiff may file a notice of voluntary dismissal. **Plaintiff is advised that failure to timely respond to this order will result in dismissal of this action with prejudice for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **May 4, 2020**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE